COMMONWEALTH *vs.* BRANDON FARMS MILK COMPANY.

SAME *vs.* SAME.

Middlesex. March 19, 20, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Registered Milk Can.   Sale.*

At the trial of complaints charging that a corporation did take, detain and use in its business milk jars without the consent of their owners, it appeared that the jars referred to were "store jars"; that registered owners of milk bottles sold the milk to stores in such jars and required the storekeepers, on delivery to them of the jars and the milk, to pay, in addition to the price of the milk, the further sum of five cents for each milk jar; that the milk dealers desired the return of the jars, and for each jar so returned to them they returned or credited five cents to the storekeeper; that the storekeepers were not obliged to return the jars and that some were not returned, but that if any jar was not returned the milk dealer retained the five cents which were paid therefor; that the storekeepers followed the method of the registered owners of the milk bottles in dealing with their customers; that the "store jars" which were the subject of the complaints had not been returned by storekeepers or their customers. There was a verdict of guilty. *Held*, that the delivery of the store jars under the conditions described constituted a sale, and that a verdict of not guilty should have been ordered.

After a verdict of guilty in the suit above described, the judge reported the case to this court for determination with the stipulation, " If the de-

fendant is right in either of the contentions that the facts showed a sale at the election of the persons receiving said jars, or consent, then the verdicts of guilty are to be set aside and verdicts of not guilty are to be ordered." *Held*, that the reservation in the report was too broad, and, it being found that the verdict of guilty was not warranted, it *was ordered* merely that the verdict of guilty be set aside.

Two COMPLAINTS, received and sworn to in the Third District Court of Eastern Middlesex, dated respectively June 2, 1920, and March 23, 1921, charging in several counts that the defendant did take, detain and use in its business milk bottles without the consent of the owners.

On appeal to the Superior Court, the complaints were tried before *J. F. Brown*, J. Material facts are described in the opinion. The defendant was found guilty on both complaints. The trial judge reported the cases to this court with the following stipulation: " If the defendant is right in either of the contentions that the facts showed a sale at the election of the persons receiving said jars, or consent, then the verdicts of guilty are to be set aside and verdicts of not guilty are to be ordered."

*W. A. Graustein*, attorney in fact, for the defendant.

*A. Leonard*, Assistant District Attorney, for the Commonwealth.

WAIT, J. In June, 1920, a complaint, under R. L. c. 72, § 20, was made against the defendant charging, in seven counts, that it did take, detain and use in its business milk jars registered under R. L. c. 72, § 19, the property of an owner specified in each count, without the consent of that owner. In March, 1921, a similar complaint under the same statute, which had then become G. L. c. 110, § 22, was made in three counts. On appeal the cases were tried together in the Superior Court, and the defendant was found guilty on all the counts except the fourth and the sixth of the first complaint.

Verdicts were ordered with the consent of the defendant and of the Commonwealth. Thereupon the presiding judge, in accord with G. L. c. 278, § 30, reported to this court the facts necessary to present certain questions of law raised at the trial.

The facts so reported show that registered owners of milk bottles deliver milk to stores in what are called " store jars," and require the storekeepers, on delivery to them of the jars and the milk, to pay, in addition to the price for the milk, the further sum of five cents for each milk jar. The milk dealers desire the return of the jars; and for each jar so returned to them they return or credit five cents to the storekeeper. The storekeepers are not obliged to return the jars, and some are not returned; but if any jar is not returned, the milk dealer retains the five cents which were paid for it.

The storekeepers follow the method of the registered owner milk dealer. They make their customer pay five cents for each jar when he gets and pays for his milk, and, then, return the five cents if and when the customer returns the jars. The customer may do as he pleases about the return.

The report does not clearly state that the bottles found to have been taken, detained and used in its business by the defendant were " store jars " which had not been returned by storekeepers or their customers; but the case has been argued on the assumption that they were such jars; and no question of law would be presented by the report if the fact were otherwise.

The question to be decided is, whether the delivery of "store jars " with the demand and receipt of the five cents by the registered owner in accord with the practice narrated constitutes a sale by the registered owner; and whether such action constitutes a consent by the registered owner to the use of the jars by the defendant.

If it is such a sale that the title passes to the storekeeper, and to purchasers of milk from him, then the Commonwealth concedes that the registered owner thereby consents to any sale or use which the storekeeper thereafter may choose to make, even to the sale by the storekeeper to the defendant. The Commonwealth contends that the transaction is not a sale which passes title to the jar. It maintains that the delivery of the five cents a jar by the storekeeper — although essential if he wants to get the milk — is not the payment of a price for the jar but is either a payment of a deposit or of an agreed sum as liquidated damages for failure to return

the jar, as the event may chance to be; and that the title to the jar remains in the registered owner.

These contentions are inconsistent with the fundamental fact that the storekeeper has the option not to return the jar. He is under no obligation to return it. There is no agreement standing in the way of the usual inference which arises when an owner demands something for an article, delivers the article, and receives the something demanded. There is the substance of a sale as defined by the sales act, G. L. c. 106, § 3 (2): " A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

The transaction must be with the consent of both parties; but the law ascertains the consent from their actions. If there is no other agreement, he who delivers the thing and gets his price, has made a sale. Thereafter the buyer may do what he wishes with the object sold.

This position is fortified by G. L. c. 106, § 21, Rule 3. " When goods are delivered to the buyer ' on sale or return,' or on other terms indicating an intention to make a present sale but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time."

The transaction, if it is regarded as " sale or return," results in an immediate transfer of title to the storekeeper; if it is regarded as a delivery or an option to buy, it results in a transfer of title at the moment the option not to return is exercised. *Hunt* v. *Wyman*, 100 Mass. 198.

The sales act, G. L. c. 106, § 63, was enacted to effect uniformity in the laws of the different States upon questions of sales. A statute in substance the same as R. L. c. 72, § 20, and G. L. c. 110, § 22, see *Commonwealth* v. *Anselvich*, 186 Mass. 376, 379, has been interpreted by the Court of Appeals of New York in *People* v. *Cannon*, 139 N. Y. 32; and a transaction practically identical with the one before us has been held to be a sale.

In the case before us, the defendant was right in contending that the delivery of " store jars " under the conditions described constituted a sale. The Commonwealth concedes that if there was a sale, there was a consent by the alleged owners to the use made by the defendant.

In our opinion the reservation in the report is too broad. The orders will be, merely, verdicts of guilty set aside.

*So ordered.*