GOEBEL BREWING CO. *v.* STATE BOARD OF TAX ADMINISTRATION.

1. Sales—Returnable Containers—Deposits.

Generally if a deposit is taken by the seller for a returnable container in which goods are sold, there is a sale of the container.

2. Same—Cost of Container Included in Price.

Generally there is a sale of a container when the cost thereof and the packing is included in the price of the finished product.

3. Taxation—Use Tax—Beer Bottles and Cartons.

Under use tax act enacted to levy and collect, except in certain cases, a specific tax for the privilege of using, storing, and consuming tangible property, a brewer which purchased from an out-of-State vendor beer bottles and corrugated paper or fiber cartons to contain the bottles and used them in pasteurizing the beer and excluding light before delivery to wholesale distributors or retailers for resale from whom the brewer received a deposit which was returned upon redelivery of the containers was not subject to the use tax upon such containers (Act No. 94, Pub. Acts 1937).

4. COSTS—CONSTRUCTION OF STATUTE.
  No costs are allowed in brewer's suit for declaration of rights as to liability for use tax upon beer bottles and corrugated paper or fiber cartons it had purchased from out-of-State vendors, as the construction of a statute is involved (3 Comp. Laws 1929, §§ 13903–13909; Act No. 94, Pub. Acts 1937).

Appeal from Wayne; Toms (Robert M.), J. Submitted June 9, 1943. (Docket No. 26, Calendar No. 42,244.) Decided September 7, 1943.

Bill by Goebel Brewing Company, a Michigan corporation, against Vernon J. Brown, Auditor General of the State of Michigan, and others constituting the State Board of Tax Administration for a decree declaring that plaintiff is not liable for use tax. Decree for plaintiff. Defendants appeal. Affirmed.

*Race, Haass, Allen & Brewer,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for the defendants.

SHARPE, J. This case involves the validity of three use tax assessments against Goebel Brewing Company for periods beginning November 1, 1937, to May 31, 1938; from July 1, 1938, to June 30, 1939, and from July 1, 1939, to June 30, 1940.

Plaintiff Goebel Brewing Company filed a bill of complaint in the circuit court of Wayne county asking for a declaration of rights in pursuance of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13903-13909 [Stat. Ann. § 27.501 *et seq.*]), for the purpose of having a declaration that its purchases of new beer bottles and cartons from out-of-State

vendors are not subject to taxation under Act No. 94, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3663–41 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 7.555 [1] *et seq.*), commonly known as the use tax act; and a decree declaring void the assessments relating to these items made by the State board of tax administration.

The material facts are not in dispute. Plaintiff corporation has been and is engaged in the manufacture of beer for sale; and during the periods involved here, more than 65 per cent. of its beer was sold in sealed glass bottles, which, in turn, were packed in closed corrugated paper or fiber cartons containing 24 bottles each. The bottles and cartons were purchased from out-of-State vendors. Each bottle was labeled with the name of plaintiff company and each carton had printed on its exterior the name of plaintiff company.

As a part of the operations of the company, it fills bottles with beer, and then seals the bottles with an air-tight cap. The bottles so sealed are then placed in a pasteurizer and after completing this process, the bottles are labeled and placed within the cartons by an automatic packing machine. The cartons are then closed in such a manner as to exclude light, and the closed packages are sent to the warehouse or loading dock for delivery to purchasers.

During the time covered by the assessments, all but a small percentage of the bottled beer was sold to wholesale distributors or retailers for resale. When a carton of beer was sold, a charge was made for the beer and a deposit was required for the cartons and bottles. The return of the bottles and cartons was optional upon the part of the purchaser, but when returned the purchaser was entitled to and did receive his deposit.

The trial court found as a fact that:

"Consideration of all the factors indicate conclusively to the court that title to the bottles and cases passes unreservedly from the brewery to the purchaser."

It entered a decree:

"that the proper meaning and construction of Act No. 94, Pub. Acts 1937, is that said Act No. 94, Pub. Acts 1937, does not apply to nor impose a tax upon the gross purchase price of tangible personal property, namely, bottles and cartons forming the basis of said claimed use tax assessment, purchased without the State of Michigan and imported into the State of Michigan for the purpose of resale in the ordinary and usual course of business of the purchaser."

Defendants appeal and urge that plaintiff is not exempt from the use tax assessments on the theory that the beer bottles and cartons purchased as disclosed by the record, the printing on the cartons designated by plaintiff, the return of the deposit or credit given, and the reuse of the beer bottles and cartons evidence a commercial transaction which constitutes "property purchased at retail sale" and not "property purchased for resale."

The Michigan use tax act provides, so far as pertinent to the issue in this case:.

"SEC. 3.  There is hereby levied upon and there shall be collected from every person in this State a specific tax for the privilege of using, storing or consuming tangible personal property in this State."

Section 4 of the above act provides:

"The tax hereby levied shall not apply to: * * * "(d)  Property not purchased at retail sale. * * *

"(g) Property sold to a buyer for consumption or use in industrial processing or agricultural producing."

It is to be noted that the use tax act contains no definition of a "retail sale" and necessarily so, as this act was enacted for the purpose of levying and collecting, except in certain cases, a specific tax for the privilege of using, storing and consuming tangible personal property. In the general sales tax act, Act No. 167, § 1 (b), Pub. Acts 1933, as amended by Act No. 249, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 3663-1, Stat. Ann. 1942 Cum. Supp. § 7.521), the term "sale at retail" is defined to include any transaction involving transfer of tangible personal property for consumption or use, or for any other purpose than for resale in the form of tangible personal property. It follows that if there was a sale of the merchandise in question, the provisions of the use tax act would not apply.

In cases which involve containers for which a deposit is taken, the general rule is that there is a sale thereof. These cases include the following: *Buck* v. *Commissioner of Internal Revenue* (C. C. A.), 83 Fed. (2d) 627, involving steel drums for alcohol; *Dewey Portland Cement Co.* v. *Crooks* (C. C. A.), 57 Fed. (2d) 499, involving cement sacks; and *In re Allen,* 183 Fed. 172, a bankruptcy case involving an attempt to reclaim beer bottles. It is also the general rule that there is a sale when the goods are packed in the container and the cost of the container and packing is included in the price of the finished product. See *McCarroll* v. *Scott Paper Box Co.*, 195 Ark. 1105 (115 S.W. [2d] 839), in which a biscuit company bought boxes and packed baked goods in them.

In *Dewey Portland Cement Co. v. Crooks, supra,* the contract of sale contained the following provision:

"Sacks. The price named includes the sacks in which the cement is to be shipped. Cloth sacks of Dewey brand delivered hereunder will be repurchased subject to the seller's inspection and count, at 25 cents each if returned promptly in serviceable condition at Dewey, Oklahoma. Sacks that have been wet or are worthless will not be repurchased."

Plaintiff's method of entering the contracts on its books was as follows:

"Plaintiff recorded the transactions upon its books by charging its customers with the price of the 'cement including sack,' crediting 10 cents to 'sack inventory' account and crediting the balance to 'cement sales' account. When sacks were returned an entry was made debiting 'sack inventory' account with 10 cents for each sack and crediting the customer a like amount."

The court there said:

"It is to be noted that the title to the sacks passed to the purchaser of the cement, and that he was under no obligation to return them; and that plaintiff's liability to repurchase the sacks was subject to two contingencies: First, that the purchaser of the cement saw fit to return the sacks; second, that the sacks were usable and acceptable."

In 24 R. C. L. pp. 425, 426, it is said:

"A very common form of contract is that known as 'sale or return,' by which property is sold, but is liable to be returned to the seller at the option of the buyer. In this class of cases the transaction vests title immediately in the buyer, who has the privilege of rescinding the sale, and until this is ex-

ercised, the title remains in him. * * * So where beer, mineral waters or the like are sold in bottles by the manufacturer and a so-called deposit is taken for the value of the bottles which the buyer is to receive back upon a return of the bottles, but there is no duty imposed on him to return the same, this has been considered a sale of the bottles transferring the title.''

The facts in the case at bar show that after the sale was made, the seller (Goebel Brewing Company) had no control over the bottles and cartons. The purchaser could return them and claim his deposit or he could keep them and forfeit his deposit. We are in accord with the finding of the trial court that:

''There is undoubtedly a second contract between the brewery and the purchasers of its beer. By that contract the purchaser has the option to resell the bottles or cases to the brewery for the amount which he paid for them, and the brewery commits itself to repurchase them. But the compulsion implicit in such agreement is unilateral. The purchaser, as has been stated, is under no obligation to exercise his option to resell, even though the brewery is under obligation to repurchase upon demand.''

In our opinion, the transactions involved herein were sales and, as such, were not subject to the tax sought to be imposed. The decree of the trial court is affirmed, but without costs as the construction of a statute is involved.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Bushnell, JJ., concurred.