In the Matter of NEHI BOTTLING Co., INC., Petitioner, *v.* NORMAN F. GALLMAN et al., Constituting the New York State Tax Commission, Respondents.

Third Department, June 29, 1972.

*Hodgson, Russ, Andrews, Woods & Goodyear (Donald C. Lubick* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, P. J.   This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review so much of a determination of the State Tax Commission as held that New York State and Erie County sales and use taxes were owing on certain sales to petitioner of returnable soft drink bottles, carrying cases for the bottles, and fiber partitions for the cases.

The petitioner is a soft drink bottler and a distributor of soft drinks located in the Buffalo, New York, area.   In order

to sell its product the petitioner purchases reusable and returnable bottles and carrying cases together with fiber partitions for the carrying cases to hold the bottles apart from each other.

It is the conclusion of the commission that the petitioner purchased the bottles, carrying cases and partitions for a use other than resale so that the same are taxable pursuant to paragraph (4) of subdivision (b) of section 1101 and section 1105 of the Tax Law.

In support of that conclusion the respondent found: "(4) Ownership of the bottles stayed with the vendor at all times. Retailers and distributors paid the vendor a deposit on each bottle. The payment was less than the cost of the bottle. The deposit amount was credited to the retailers and distributors when the bottles were returned to the plant." There is no support in the record for the finding that Nehi retained ownership of the bottles or the other items when it transferred possession thereof to vendees. In *People* v. *Cannon* (139 N. Y. 32, 49–50) the court in regard to the transactions described in this record stated: "The taking of security for the return of the bottles from the party to whom they were delivered, so long as there is no evidence of an agreement and the party is under no legal obligation to return them, he having the right to retain them if he choose to leave the money deposited as a payment for the bottles, amounts in law to a sale of them at the election of the party to whom they are delivered." At most, the present record establishes the continuous offer by the petitioner to repurchase such bottles and carrying cases as its vendees might decide to offer to it for repurchase. Everyday experience demonstrates that the bottles involved are purchased by the ultimate consumer of the soft drink with the full intent and knowledge that he is free to do with such bottles as he pleases. There is no doubt that title and possession pass whenever the petitioner transfers the bottles and carrying cases together with the partitions to its vendees. Upon the present record the facts conclusively demonstrate that the possession of the bottles and carrying cases together with the partitions by the petitioner is for resale as a matter of law (see Tax Law, § 1101, subd. [b], par. [5]; *Matter of American Molasses Co.* v. *McGoldrick*, 281 N. Y. 269). As noted by this court in the recent decision in *Matter of RAC Corp.* v. *Gallman* (39 A D 2d 57, 60) "Both the form and substance of the transaction should be considered." The general rule is that tax statutes are to be strictly construed in favor of the taxpayer (*Matter of American Cyanamid & Chem. Corp.* v. *Joseph,* 308

N. Y. 259; *Matter of Wien* v. *Murphy,* 28 A D 2d 222, 225; *Bathrick Enterprises* v. *Murphy,* 27 A D 2d 215).

The determination, insofar as it found that deposit bottles, carrying cases and partitions are taxable purchases under paragraph (4) of subdivision (b) of section 1101 and section 1105 of the Tax Law, should be annulled and matter remitted for further proceedings not inconsistent herewith, with costs.

GREENBLOTT, SIMONS, KANE and REYNOLDS, JJ., concur.

Determination, insofar as it found that deposit bottles, carrying cases and partitions are taxable purchases under paragraph (4) of subdivision (b) of section 1101 and section 1105 of the Tax Law, annulled, and matter remitted for further proceedings not inconsistent herewith, with costs.