**COCA–COLA BOTTLING WORKS COMPANY, DIVISION OF COCA–COLA BOTTLING CORPORATION, Appellant,**

v.

**KENTUCKY DEPARTMENT OF REVENUE and the Kentucky Board of Tax Appeals, Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Rehearing Denied Feb. 7, 1975.

---

1. As to what constitutes an eviction, see cases cited in 6 Kentucky Digest, Covenants ▮ p. 334.

Jerold A. Fink, Taft, Stettinius & Hollister, Cincinnati, Ohio, Morris E. Burton, Frankfort, for appellant.

William S. Riley, Asst. Atty. Gen., Clyde M. Richardson, Jr., Dept. of Revenue, Elizabethtown, for appellees.

Joseph E. Stopher, Jefferson K. Streepey, Boehl, Stopher, Graves & Deindoerfer, Louisville, for amicus curiae, Kentucky Soft Drink Association.

CULLEN, Commissioner.

The question on this appeal is whether, under the applicable Kentucky statutes as they existed prior to 1968 amendments, the *bottles* and *wooden cases* in which the appellant Coca-Cola Bottling Works Company, whose place of business is in Cincinnati, Ohio, delivered Coca-Cola to dealers in Kentucky from January 1, 1963, to April 30, 1967, constituted property "purchased * * * for storage, use or other consumption in this state" so as to be subject to the use tax imposed by KRS 139.310 on "the storage, use or other consumption in this state" of such property, or whether the bottles and cases when delivered to the dealers were *sold* to the dealers for resale by them, so as to be exempt from sales or use tax by virtue of KRS 139.100. The Kentucky Department of Revenue made a use-tax assessment against the appellant company, in the amount of $9,783.03, representing a tax on so many of the *new* bottles and cases purchased by the company, during the period in question, as were estimated to have been used in Kentucky. The company lost on an appeal to the Kentucky Board of Tax Appeals, and then appealed to the Franklin Circuit Court, which entered judgment affirming the Board of Tax Appeals. The company has appealed to this court from that judgment.

Admittedly, the Coca-Cola itself, when delivered by the company to dealers in Kentucky, was *sold* to the dealers for resale by them. The sale price included 2 cents for each bottle and each case, which was commonly referred to as a "deposit," but which was simply a redemption price which the company agreed to pay to the dealers (and in fact to any member of the public who returned bottles or cases) for empty bottles and cases returned to the company. There was no obligation on any dealer to return any empty bottles or cases; the dealer was free to use them for any purpose of his own, or to throw them away. Under the law of sales, title to the bottles and cases clearly passed to the dealers, and the "redemption" by the company was in legal effect a *sale* back to the company.

The question is whether there was a sale of the bottles and cases to the dealers within the meaning of the sales and use

tax statutes. There is no problem with the definition of "sale" in KRS 139.120, because that definition covered "any transfer of title or possession, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration." And the contemplation of the sales and use tax statutes that the kind of transaction here involved is a sale was indicated by KRS 139.470, which excluded from computation of tax the gross receipts from sales of "returnable containers when sold with the contents in connection with a retail sale of the contents" (a retail sale being one by a *retailer* to a *consumer*). By excluding the receipts of *sales* of returnable containers when *sold* with the contents this statute obviously recognized that such transactions are sales.

The contention of the Department of Revenue, concurred in by the Board of Tax Appeals and the circuit court, is in effect that although the transactions in question may qualify technically as sales, there is no *intent* by the company to sell the bottles and cases in the sense of permanently divesting itself of title; that the purpose and intent of the company is to *use* the bottles and cases on a continuing basis; and that the purported sales are simply a device of convenience to insure that a sufficient percentage of the bottles and cases will be returned for continued use. Support for that contention is found in District of Columbia v. Seven-Up Washington, Inc., 93 U.S.App.D.C. 272, 214 F.2d 197, and in Hervey v. Southern Wooden Box Inc., 253 Ark. 290, 486 S.W.2d 65.

The appellant company's argument that the transactions are sales is supported by Nehi Bottling Co v. Gallman, 39 A.D.2d 256, 333 N.Y.S.2d 824; Belleville Dr. Pepper v. Korshak, 36 Ill.2d 352, 221 N.E.2d 635; Goebel Brewing Co. v. Brown, 306 Mich. 222, 10 N.W.2d 835; Zoller Brewing Co. v. State Tax Commission, 232 Iowa 1104, 5 N.W.2d 643; Weed v. Occhiato, Colo., 488 P.2d 877; State v. Reynolds Metals Company, 263 Ala. 657, 83 So.2d 709.

The Board of Tax Appeals in the instant case, and the courts in the *Seven-Up* and *Hervey* cases cited above, attached considerable significance to the fact that the amount of 2 cents per bottle and case included in the sale price of Coca-Cola to dealers was much lower than the actual cost of new bottles and cases. The conclusion from this fact was that the company could not reasonably be considered to have had a bona fide intent to *sell* the bottles and cases. We do not find any valid basis for such a conclusion. As a practical matter, the company could afford to sell the bottles and cases below cost, knowing that most buyers, having little use for the empty bottles and cases, would be willing to sell them back at the original sale price. At the same time, the buyer would rather purchase the bottles and cases when buying Coca-Cola knowing that he could resell them to the company, than to get involved in a true deposit situation which would require him to put up a substantial deposit to guarantee return of bottles and cases to which the company insisted upon retaining title.

It is our conclusion that the use tax was not properly assessable.

The judgment is reversed with directions to enter judgment setting aside the order of the Department of Revenue.

All concur.