[No. 1270-3.    Division Three.    December 19, 1975.]

INLAND EMPIRE DAIRY ASSOCIATION, *Respondent*, v. THE DEPARTMENT OF REVENUE, *Appellant*.

MUNSON, J., dissents by separate opinion.

*Slade Gorton, Attorney General*, and *Richard D. Hicks, Assistant*, for appellant.

*John M. Klobucher* and *Ennis & Klobucher*, for respondent.

McINTURFF, C.J.—The Washington State Department of Revenue appeals from the Superior Court's reversal of a tax deficiency assessment by the Board of Tax Appeals against the Inland Empire Dairy Association.

The Department of Revenue seeks to levy a sales tax,[1] and a business and occupation tax[2] against the Dairy Association. Both these taxes are upon the alleged sale of gallon plastic milk containers used by the dairy on retail home delivery routes.

There is no substantial dispute as to the material facts. The dairy delivered milk to its customers in 1-gallon plastic containers and the customer's account was charged $1.09 per gallon. This price included not only the cost of the milk, but also the cost of cleaning and handling of the container. As each delivery was made, the milkman would make a notation of the number of full containers delivered and the number of empty ones picked up from each customer, without charging the monetary value of each container to the customer's account. At the end of the monthly accounting period, the customer was billed $1.09 for each gallon delivered, and 35 cents for each unreturned container. The dairy paid taxes on this month-end amount. The Department of Revenue seeks to assess an additional tax on the delivery of all containers whether or not returned.

We are asked to determine the legal effect of undisputed facts. This presents a question of law[3] over which we have an inherent[4] and statutory[5] power of review independent of the agency determination, as opposed to

---

[1] RCW 82.08.020; RCW 82.08.050.
[2] RCW 82.04.250.
[3] *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 283, 525 P.2d 774 (1974).
[4] *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 282. 525 P.2d 774 (1974).
[5] RCW 34.04.130 (6) (d).

determining whether the ruling of the agency was clearly erroneous.

. A sale is defined for purposes of the sales tax and business and occupation tax as, "any transfer of the ownership of, title to, or possession of property for a valuable consideration."[6] Applying this statutory definition, there has been a "transfer of possession" of the containers by the dairy to the customer; but there has been no "valuable consideration" for the transfer flowing from the customer to the dairy at the time of delivery. Under the accounting method used by the dairy, the customer was charged at the end of the month. Only then was there valuable consideration flowing from the customer to the dairy for the transfer, but only for those containers not returned by month's end.[7] Taxes were paid on the amount charged for unreturned containers. No further taxes were due for returned containers due to the absence of valuable consideration for transfer of possession, as required by the statutory definition of sale.

The Department of Revenue has cited numerous cases involving over-the-counter sales of beverages in reusable bottles.[8] Because beer and soft drink bottles are easily redeemable by the purchaser at most stores in the community, the grocer is not assured the bottles will be returned. For this reason, the grocer commonly charges a deposit on each bottle. We find this to be the circumstance in those cases cited by the Department of Revenue. In those cases

---

[6] RCW 82.04.040, RCW 82.08.010(4). The contention of the Department of Revenue that we should look to the Uniform Commercial Code definitions of "sale," RCW 62A.2-102, and passing of title, RCW 62A.2-401(2), is without merit since the definition of "sale" for the purpose of application of the sales tax and business and occupation tax is defined within the act itself.

[7] *Long Mfg. Co. v. Johnson*, 264 N.C. 12, 140 S.E.2d 744, 748-49 (1965); *Buck v. Commissioner*, 83 F.2d 627, 628-29 (9th Cir. 1936).

[8] *Belleville Dr. Pepper v. Korshak*, 36 Ill. 2d 352, 221 N.E.2d 635 (1966); *Goebel Brewing Co. v. Brown*, 306 Mich. 222, 10 N.W.2d 835 (1943); *Commonwealth v. Brandon Farms Milk Co.*, 249 Mass. 531, 144 N.E. 381, 35 A.L.R. 780 (1924); *People v. Cannon*, 139 N.Y. 32, 34 N.E. 759 (1893).

transfer of the bottles was properly deemed a sale, with the deposit being consideration for the transfer.

The present case is to be distinguished from over-the-counter sales because the dairy was dealing with captive customers, eliminating the need for a deposit. The milkman made scheduled deliveries, with his customers anticipating his return for the empty containers. Gallon plastic milk containers, being a less common and therefore a less redeemable item than beer and soft drink bottles, gave additional assurance of return of the containers to the dairy. These circumstances strongly imply that a sale was not intended. The dairy intended that the containers be returned, reasonably expected that they be returned, and therefore charged no deposit.

The Department of Revenue acted consistently with their rule-making power in declaring:

amounts charged for the containers are part of the selling price and subject to the retail sales tax.[9]

But in the present case there has been no "amount charged" for those containers returned before the end of the monthly accounting period. Therefore, these returned containers were not subject to the retail sales tax under this rule promulgated by the Department of Revenue.

The judgment of the Superior Court is affirmed.

GREEN, J., concurs.

MUNSON, J. (dissenting)—I am constrained to hold for the Department of Revenue, even though I believe its theory is hypertechnical and not in the spirit of the legislative intent when those acts were passed.

If you want milk delivered, you contact the dairy for delivery of 1 gallon a day. The milk comes in a plastic container; you place the empty container on your porch, and it will be replaced by a full container. If you do not put the empty container out, the failure to return it is noted by the driver; and on your monthly statement there will be an

---

[9] Former WAC 458.20.115 (effective 7/1/70) (rev'd 7/1/74).

additional item of 35 cents for each container not returned.

The Department of Revenue contends each delivery by the dairy is a taxable retail sale, not only of the milk, but of the container. Thus, the dairy should pay a business and occupation tax (RCW 82.04) and a retail sales tax (RCW 82.08) on each container delivered, not just on those delivered but not returned.

RCW 82.08.030 contains exceptions from the retail sales tax; prior to 1974, it did not exclude: "Sales of returnable containers for beverages and foods, including but not limited to soft drinks, milk, beer, and mixers." This case involves sales prior to 1974. RCW 82.04.040 defines "sales" as: "any transfer of the ownership of, title to, or possession of property for a valuable consideration . . ." This definition can be interpreted as any transfer of the: (a) ownership of, (b) title to, or (c) possession of property.

Thus, the transfer of possession of the container, full or empty, comes within this provision of the definition of a sale, *i.e*, the transfer of the possession of property. The remaining question is whether the transfer is for valuable consideration, which has been defined in *Brace v. Superior Land Co.*, 65 Wash. 681, 689-90, 118 P. 910 (1911), citing 2 J. Pomeroy, *Equity Jurisprudence* § 747 (3d ed. 1905), as:

> "Valuable consideration means and necessarily requires under every form and kind of purchase, something of actual value, capable, in estimation of the law, of pecuniary measurement—parting with money or money's worth, or an actual change of the purchaser's legal position for the worse."

Stated differently:

> Consideration . . .
>
> . . .
>
> An act or forebearance, or the promise thereof, which is offered by one party to an agreement, and accepted by the other as an inducement to that other's act or promise. Poll.Contr. 91.

Black's Law Dictionary 378-79 (4th ed. rev. 1968).

> Valuable. Of financial or market value; commanding or

worth a good price; of considerable worth in any respect; estimable. Webster, Dict.

Black's Law Dictionary 1720 (4th ed. rev. 1968).

Transferred into the facts of this case, the dairy agrees to deliver milk to its customers in exchange for an agreed price per gallon, plus the container or the value of the container, *i.e.*, 35 cents. Thus, the container or its value, in addition to the cost of milk per gallon, is valuable consideration, *i.e.*, money or money's worth. There being a "sale" for valuable consideration, each exchange is a taxable retail sale.

The retail sales tax is imposed on each retail sale, collected from the purchaser and forwarded to the state by the seller, RCW 82.08.020; whether collected or not, the seller is personally liable for the remittance, RCW 82.08.050. The retail sales act, RCW 82.08, does not define "sales," but RCW 82.08.010(4) states: "The meaning attributed in chapter 82.04 RCW to the terms '. . . sale,' . . . shall apply equally to the provisions of this chapter." Thus, the rationale used in defining these transactions as sales within RCW 82.04 applies to retail sales.

I would reverse.

Petition for rehearing denied January 15, 1976.

Review denied by Supreme Court March 9, 1976.