John McD. ROSS, Commissioner of Revenue and Department of Revenue, Commissioner of Kentucky, Appellants,

v.

ALE–8–ONE BOTTLING COMPANY and Kentucky Board of Tax Appeals, Appellees.

Supreme Court of Kentucky.

April 16, 1976.

William S. Riley, William P. Sturm, Legal Staff, Dept. of Revenue, Frankfort, for appellants.

Joseph E. Stopher, Jefferson K. Streepey, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Franklin Circuit Court which affirmed an order of the Kentucky Board of Tax Appeals.

The appellant taxing authorities levied a deficiency use tax assessment against the appellee, Ale-8-One Bottling Company, on the basis that the six-bottle cardboard cartons used by Ale 8 to market the vast

majority of its beverages were "returnable containers" not sold to Ale 8 with the contents in connection with a retail sale of the contents or resold to Ale 8 for refilling.

Ale 8 appealed the assessment to the Kentucky Board of Tax Appeals contending nontaxability on the basis that these cartons were "nonreturnable containers" sold to them without the contents and that they then placed the contents in the cartons and sold the contents together with the cartons.

The Board of Tax Appeals decided in favor of Ale 8 and the taxing authorities appealed to the circuit court with the unfavorable result noted above.

This case supplies the cushion between the bottles and cases involved in *Coca-Cola Bottling Works Company v. Kentucky Department of Revenue,* Ky., 517 S.W.2d 746 (1975).

KRS 139.470 provides in part:

"There are excluded from the computation of the amount of taxes imposed by this chapter:

. . . . .

(2) Gross receipts from sales of, and the storage, use or other consumption in this state of:

(a) *Nonreturnable containers* when sold without the contents to persons who place the contents in the container and sell the contents together with the container;

(b) *Returnable containers* when sold with the contents in connection with a retail sale of the contents or when resold for refilling;

As used in this section the term 'returnable containers' means containers of a kind customarily *returned by the buyer of the contents for reuse.* All other containers are 'nonreturnable containers';"

The Board found as matters of fact:

\* \* \* \* \* \*

"(4) Ale-"8"-One mixes its own syrup, adds carbonated water, bottles the mixture as soft drink, and then places all but 10 to 15 percent of the bottles in six-bottle cartons and places four such cartons in a wooden case for marketing.

(5) When the soft drinks are sold, a deposit of five cents is required on each bottle, and a deposit of 30 cents is required on each case. When a bottle or case is returned to Ale-"8"-One, the full deposit is refunded. With respect to the cartons, however, there is no deposit, and nothing is paid to the customer if and when the carton is returned. Whether the soft drinks are sold with or without the carton has no effect on the price, and the customer gets his bottle or case refund whether or not the bottles are returned in cartons.

(6) Some cartons are, in fact, returned to Ale-"8"-One. Those returned cartons which are not wet, torn or damaged are reused. The cartons, however, are not waterproofed.

(7) Often bottles are returned to Ale-"8"-One in cartons that are not Ale-"8"-One cartons, but rather the cartons of another bottler. It is also a frequent practice for grocers to return bottles to Ale-"8"-One only in cases and not in cartons.

(8) The cartons in question bear no legend of ownership.

\* \* \* \* \* \*

(11) *Paper cartons are a packaging material used for convenience in marketing soft drinks.*"

The Board then concluded as a matter of law:

\* \* \* \* \* \*

"(6) The cartons in question are non-returnable containers within the meaning of KRS 139.470 and are therefore exempt from the sales or use tax."

In the ultimate analysis the Board has found that the cartons are nonreturnable and nontaxable because any return of the cartons made by the buyer of the contents is for the purpose of his convenience in handling the bottles and not for the purpose of reuse of the carton. There is substantial evidence in the record to support this view.

Consequently, we may not disturb the action of the Board. *Trimble County Board of Supervisors v. Mullikin,* Ky., 438 S.W.2d 524 (1969).

The judgment is affirmed.

All concur.