Indiana Department of State Revenue *v.*
Associated Beverage Company, Inc.,
D/B/A Seven-Up Bottling Company of Indiana, Inc.

[No. 2-176A33. Filed August 31, 1976. Rehearing denied October 1, 1976. Transfer denied December 30, 1976.]

*Theodore L. Sendak,* Attorney General, *G. Richard Potter,* Deputy Attorney General, for appellant.

*Paul N. Rowe, J.B. King, Stephen H. Paul, Baker & Daniels,* of Indianapolis, for appellee.

## Statement of the Case

Lowdermilk, J.—The instant case was transferred to this office from the Second District on July 21, 1976, in order to lessen the disparity in caseloads among the Districts.

Defendant-appellant Indiana Department of State Revenue (hereinafter Department) appeals from the trial court's judgment granting plaintiff-appellee's Associated Beverage Company, Inc., d/b/a Seven-Up Bottling Company of Indiana, Inc. (hereinafter Associated) Motion for Summary Judgment.

We affirm.

## FACTS

The facts necessary for our disposition of this appeal are as follows: Associated is engaged in the manufacture and sale of a bottled soft drink known as "Seven-Up." The bottled Seven-Up is sold to various retailers who in turn sell it to the general public.

Associated sells the bottled Seven-Up to its dealers on a "sale or return basis." It charges a fixed price per case, consisting of a charge for the bottles, cases, and Seven-Up, but allows its dealers to return empty bottles and cases for a refund.

The retail dealers, in turn, sell the bottled Seven-Up to consumers and allow them to return the empty bottles for a refund of their deposit.

The retail dealers are under no obligation to return the bottles to Associated, and the ultimate consumers are, of course, under no obligation to return the bottles to the retail dealers. Associated's history in recent years showed that consumers would return empty bottles to dealers, who in turn would resell them to Associated, an average of 13 times before they were finally lost or discarded.

For the month of June, 1975, Associated purchased $23,-746.00 worth of bottles from an Indiana glass bottle manufacturer. At the times of purchase, Associated issued to the bottle manufacturer exemption certificates pursuant to IC 1971, 6-2-1-40(c) (Burns Code Ed.) claiming exemption from the Indiana sales tax.

On July 30, 1975, Associated filed a sales and use tax return for the month of June, 1975, showing a use tax due on its bottle purchases during the month of June totaling $949.84. With its return, Associated filed a refund claim for $949.84 which was denied by Department.

Associated's Motion for Summary Judgment on its claim for the refund of $949.84 plus interest was granted by the

trial court, and following the denial of Department's Motion to Correct Errors, this appeal was perfected.

## ISSUES

1. Whether the trial court erred in its conclusion that Associated was exempt from the imposition of a use tax by virtue of IC 1971, 6-2-1-39 (b) (9) (Burns Code Ed.).

## DISCUSSION AND DECISION

The Department makes several alternative arguments why it thinks the trial court erred in finding as a matter of law that Associated's bottle purchases was exempt from sale or use tax because of IC 1971, 6-2-1-39 (b) (9) which provides as follows:

"(b) Nor shall the state gross retail tax apply to any of the following transactions:

(9) Sales of any tangible personal property to a purchaser who purchases the same for the purpose of reselling in the regular course of the purchaser's business such tangible personal property in the form in which it is sold to such purchaser.

\* \* \*"

Department first argues that the legislature could not have intended Associated's bottle purchases to be exempt from tax under IC 1971, 6-2-1-39 (b) (9) *supra,* because our legislature enacted IC 1971, 6-2-1-39 (b) (2) (Burns Code Ed.) which states:

"(2) Sales of nonreturnable wrapping materials and empty containers to be used by the purchaser as inclosures or containers for selling contents to be added, and returnable containers containing contents sold in a sale constituting selling at retail, *and returnable containers sold empty for refilling.* As used in this clause, returnable containers means containers customarily returned by the buyer of the contents for reuse as containers; all other containers are nonreturnable containers.

\* \* \*" (Our emphasis.)

Department argues that since this statutory provision does not apparently exempt from tax the sale of returnable con-

tainers for the purchase of initial filling; the trial court erred in finding that these containers were exempt from tax under IC 1971, 6-2-1-39 (b) (9), *supra.*

We are of the opinion that the legislature's failure to provide for a tax exemption under one sub-section of a tax statute does not imply that the exemption cannot be provided for elsewhere in the same statute. *State of Indiana, Dept. of Revenue Gross Income Tax Division* v. *Bethel Sanitarium, Inc.* (1975), 165 Ind. App. 421, 332 N.E.2d 808, 813.

The deposition of sales tax administrator, Mr. Sanders, further substantiates our holding by providing in relevant part the following testimony:

"Q. Could a particular transaction not be exempt under one of these exemptions and yet be exempt under another exemption?

A. Most of them are.

Q. In most cases, if I understand it, the exemption would apply in one but not in another?

A. Normally. It would be redundant to put them in several different ones if it was the same exemption.

\* \* \*

Q. Well, I don't understand the answer. Why, administratively, have you interpreted 39 (b) (9) as not applying?

A. Because of the specific provisions in (b) (2).

\* \* \*

Q. But you will admit to me each exemption provision is a separate exemption provision?

A. Certainly.

\* \* \*"

Department next argues that the trial court erred in concluding that Associated was exempt from tax under IC 1971, 6-2-1-39 (b) (9) *supra,* because Associated did not purchase its bottles for the purpose of resale, but rather purchased the bottles primarily for their own use.

The case of *Department of Treasury* v. *Fairmount Glass Works* (1943), 113 Ind. App. 684, 49 N.E.2d 1, is dispositive

of Department's argument. In *Fairmount* breweries purchased glass bottles, filled the bottles with beer, placed caps and labels on the bottles, and sold the bottled beer to licensed wholesalers within Indiana for a specified price. Included in the total amount paid by the wholesalers was a stipulated "deposit" amount which the breweries, in accordance with trade practice, would refund or credit to the wholesalers upon their return of the bottles. The refunded or credited amount was substantially the same as the cost of the bottles to the breweries. In the event the bottles were not returned to the breweries by the wholesalers, the breweries continued to retain the stipulated amount. Wholesalers returning empty bottles to the breweries were refunded the stipulated amount for each returned bottle, after which the bottles were again filled and delivered by the breweries to the wholesalers under the same arrangement, but not all the bottles that went out from the breweries came back as empty bottles. The wholesalers sold the bottled beer to retailers under the same conditions, and the retailers, in turn, sold the beer under the same conditions to their customers. The process was repeated until the bottles had been returned, refilled and redelivered an average of approximately seventeen (17) times and were then lost from circulation. The bottles that were not returned were replaced by the breweries through the purchase of new bottles.

In finding in *Fairmount* that the brewer was not the ultimate user of the glass bottles it purchased the court stated:

". . . It contends that the brewer is the ultimate user of the bottles within the meaning of the quoted language. But we believe that the appellant errs in this assumption under the facts in this case. It appears to us that the bottles are as useful to the wholesaler, the retailer and the consumer as they are to the brewer, and we believe that those purchasing bottled beverages under the arrangement mentioned here universally feel that they are the owners of the bottles and can keep or dispose of them as they see fit unless and until they choose to return them to their immediate vendor. The bottles go down the line from manufacturer to brewer to wholesaler to retailer to the customer who, after surmounting a multitude of laws, ordinances, regulations, rules and

rulings, all of which are intended, and a few of which are appropriate for the purpose of curbing the unbridled enjoyment of the beverage, finally drinks it. He is the ultimate or last user of the bottle as well as its contents, and he and he alone determines whether the bottle may again enter the channels of trade and thus again become useful to its successive owners as a container of beer. The empty bottle may retrace its steps to the same brewer, it is true, but on the other hand may find itself in an ash can or being put to other uses more or less practical and advantageous to its then owner." 49 N.E.2d at p. 3.

The court therein concluded by holding:

". . . It is therefore our opinion that the transaction here is one of *sale or return*' and that the property passes to the wholesaler on delivery and payment of the stipulated price. The brewer parts with the title to and the possession and control of the bottles. It retains no right to compel their return and manifestly the wholesaler could not agree to return to the brewer articles which the wholesaler in turn disposes of with no right to or certainty of return." (Our emphasis.) 49 N.E.2d at p. 5.

We are of the opinion that a manufacturer who purchases empty bottles for the purpose of filling them with its product for the purpose of selling its product along with the bottles to third persons, purchases the bottles for the purpose of resale within the meaning of the exemption statute, IC 1971, 6-2-1-39 (b) (9), *supra,* and not for its own use. *Coca-Cola Bottling Works Co.* v. *Kentucky Department of Revenue* (Ky. 1974), 517 S.W.2d 746; *Nehi Bottling Co.* v. *Gallman* (1972), 333 N.Y.S.2d 824.

Department lastly contends that IC 1971, 6-2-1-39 (b) (9) *supra,* "is of doubtful application to the facts of this particular case" because of the legislature's enactment of IC 1971, 6-2-1-39 (b) (2), *supra.*

We do not find this argument persuasive. As we noted above, exemption provisions in our sale and use tax law are independent of each other, *Bethel, supra;* therefore the trial court did not err in applying IC 1971, 6-2-1-39 (b) (9), *supra,* and finding Associated exempt from tax and entitled to a refund.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 353 N.E.2d 544.