ZOLLER BREWING COMPANY, Appellant, v. STATE TAX COMMISSION OF IOWA, Appellee.

No. 45933.

SEPTEMBER 29, 1942.

REHEARING DENIED DECEMBER 18, 1942.

Edward A. Doerr, of Davenport, for appellant.

John M. Rankin, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellee.

WENNERSTRUM, C. J.— ▮ Plaintiff has appealed from an assessment of a use tax, levied by the State Tax Commission of the State of Iowa against plaintiff company, which levy was confirmed and approved on appeal to the district court. The controversy involves the use tax levied on account of bottles, cartons, kegs, and a mechanical case-packer used in the sale and distribution of beer produced by the company.

By virtue of a claim of exemption, as made by the plaintiff, and the further contention on the part of the State Tax Commission that the property is not exempt from the tax, it is necessary for us to set forth the particular statutes in question and then make application of them to the facts presented to us on this appeal.

The sections of the 1939 Code that must receive consideration in this controversy are as follows:

"6943.102 Definitions. * * *

"1. 'Use' means and includes the exercise by any person of any right or power over tangible personal property incident to the ownership of that property, except that it shall not include processing, or the sale of that property in the regular course of business. Property used in 'processing' within the meaning of this subsection shall mean and include (a) any tangible personal property including containers which it is intended shall, by means of fabrication, compounding, manufacturing, or germination, become an integral part of other tangible personal property intended to be sold ultimately at retail, (b) * * * (c) industrial materials and equipment, which are not readily obtainable in Iowa, and which are directly used in the actual fabricating, compounding, manufacturing or servicing of tangible personal property intended to be sold ultimately at retail.

"6943.105 Evidence of use. For the purpose of the proper administration of this chapter and to prevent evasion of the tax, evidence that tangible personal property was sold by any person for delivery in this state shall be prima facie evidence that such tangible personal property was sold for use in this state."

The manner in which the plaintiff carries on its business

and sells its product, as disclosed by the record, may be briefly summarized as follows: It establishes or quotes prices for beer based on the quantity sold, the competitive necessity to effect a sale, and the grade of the product. In making a sale of its product the plaintiff makes a separate charge to the customers for bottles, cartons, and kegs. If a particular customer returns the containers furnished him, the account is credited on the basis of a certain amount for each container returned. However a customer does not have to return any containers unless he desires credit or cash for them. The record shows that a customer might return more containers than he received from the plaintiff. Upon the return of any bottles, cartons, and kegs, he receives either cash or credit, as he desires, according to a uniform scale. The plaintiff in making its sales to its customers does not retain title to any of the containers delivered. When a customer returns any type of container, whether originally furnished by the plaintiff company or from any other source, credit is given to the customer on the basis of a smaller credit per unit than originally charged for the various containers.

In construing the "use tax" we are restricted to the statutory definition set forth in our own statute. However, it is well to give consideration to general comments made concerning "use tax" that have heretofore received the attention of the Supreme Court of the United States.

In the case of Henneford v. Silas Mason Co., 300 U. S. 577, 581, 57 S. Ct. 524, 526, 81 L. Ed. 814, Mr. Justice Cardozo speaking for that court, commented on the general purposes and intentions in the imposition of a "use tax" as follows:

"The plan embodied in these provisions is neither hidden nor uncertain. A use tax is never payable where the user has acquired property by retail purchase in the state of Washington, except in the rare instances in which retail purchases in Washington are not subjected to a sales tax. On the other hand, a use tax is always payable where the user has acquired property by retail purchase in or from another state, unless he has paid a sales or use tax elsewhere before bringing it to Washington. The tax presupposes everywhere a retail purchase by the user before the time of use. If he has manufactured the chattel for

himself, or has received it from the manufacturer as a legacy or gift, he is exempt from the use tax, whether title was acquired in Washington or elsewhere. The practical effect of a system thus conditioned is readily perceived. One of its effects must be that retail sellers in Washington will be helped to compete upon terms of equality with retail dealers in other states who are exempt from a sales tax or any corresponding burden. Another effect, or at least another tendency, must be to avoid the likelihood of a drain upon the revenues of the state, buyers being no longer tempted to place their orders in other states in the effort to escape payment of the tax on local sales."

It is the contention of the State Tax Commission that the statute itself answers the proposition as to the taxability of the bottles, cartons, and kegs. The Commission calls attention to the statute which has been previously set out wherein it is stated: " 'Use' means and includes *the exercise by any person of any right or power over tangible personal property incident to the ownership* of that property." (Italics supplied.) It is also contended by the Commission that the fact that the company exercised a right or power over the bottles by virtue of its ownership of the bottles and containers prior to retail sale made the same taxable.

However, a further provision of the law in question should receive our consideration. It will be observed that a portion of section 6943.102, subsection 1, provides that "use" has a certain meaning. This meaning is subject, however, to the provision, "except that it shall not include processing, or the sale of that property in the regular course of business." The statute further provides that "property used in 'processing' within the meaning of this subsection shall mean and include (a) any tangible personal property *including containers* which it is intended shall, by means of fabrication, compounding, manufacturing, or germination, become an integral part of other tangible personal property intended to be sold ultimately at retail, * * *." (Italics supplied.)

It is our conclusion that the words "including containers," as used in the statute, were intended to mean something. Particularly is this true when we consider the whole extent of the

exception previously quoted. There can be no question that beer is "manufactured" and that the "containers" "become an integral part of other tangible personal property [in this case the manufactured beer] intended to be sold ultimately at retail * * *." Without a container there would be no means for the sale or disposition of a liquid. A container necessarily becomes "an integral part" of the manufactured beer "intended to be sold ultimately at retail." It is our judgment that when a purchase of a bottle of beer is made the "integral parts" of such "other personal property" are the bottle and the contents thereof. This is likewise true as to a keg of beer. In the case of the cartons the integral parts thereof are the cartons, the bottles, and the beer.

A further matter for consideration in connection with the question as to whether the bottles, kegs, and cartons used by plaintiff are taxable is the applicability of the last portion of section 6943.102. The evidence shows that these cartons are in the main made from fiber pressed board. The plaintiff uses a few wooden cases which are purchased in the state of Iowa. However, the fiber pressed-board cartons are purchased outside the state. It will be observed that " 'use' * * * shall not include processing." It is further provided that "property used in 'processing' * * * shall mean and include * * * (c) industrial materials and equipment, which are not readily obtainable in Iowa, and which are directly used in the actual fabricating, compounding, manufacturing or servicing of tangible personal property intended to be sold ultimately at retail."

It also should be kept in mind that the record discloses that the bottles, kegs, and cartons are not readily obtainable in Iowa. It is also shown in the present case and under the present record that the title to the bottles, kegs, and cartons does not remain in the company but is passed and transferred to the retailer and ultimate consumer. There is no retail sale when the plaintiff company purchases the bottles, kegs, and cartons. It should be kept in mind, as stated in Henneford v. Silas Mason Co., supra, that "the tax presupposes everywhere a retail purchase by the user before the time of use."

Our interpretation of the statute, with the noted exceptions,

has caused us to reach the conclusion that the bottles, kegs, and cartons involved in this appeal are not subject to the use tax of this state.

The remaining question that is before us is whether or not a "use tax" should be levied on the mechanical case-packer purchased by the plaintiff and used in the packing of its bottled product. The record shows that this machine, or any similar machine, cannot be readily obtained in Iowa. We hold that this machine is "industrial * * * equipment, * * * not readily obtainable in Iowa, and * * * directly used in the * * * manufacturing * * * of tangible personal property intended to be sold ultimately at retail." It is our conclusion that the case-packer, in connection with its particular use, as shown by the record, is a part of the manufacturing process of the beer. Inasmuch as it is shown that it cannot be readily obtained in Iowa we hold that no "use tax" can be levied on this particular equipment.

Our disposition of this appeal in the manner as hereinbefore set forth makes it unnecessary to comment on whether or not the use of bottles in the pasteurizing of the beer brings it within the provision of the statute relative to processing. Consequently we have not passed upon this question raised by the plaintiff.

By reason of the conclusions heretofore set forth we are constrained to reverse the trial court as to all items in controversy. This cause is remanded for the entry of a decree in keeping with the conclusions herein noted.—Reversed and remanded.

All JUSTICES concur.