**IOWA STATE EDUCATION ASSOCIATION, Appellant,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee.**

No. 84–1142.

Supreme Court of Iowa.

June 19, 1985.

Charles E. Gribble of Sayre & Gribble, P.C., Des Moines, for appellant.

M. Sue Warner and James H. Gilliam, PERB Counsel, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

CARTER, Justice.

Petitioner for judicial review of agency action under Iowa Code section 17A.19 appeals district court's order affirming the agency. The petitioner is the Iowa State Education Association (ISEA), an organization representing public school teachers and some 300 local bargaining associations in connection with collective bargaining under the Public Employment Relations Act (PER Act). The agency is the Public Employment Relations Board (PERB), established under Iowa Code section 20.5 (1983) to administer the PER Act. The controversy concerns the validity of a declaratory ruling by PERB concerning the applicability of the impasse procedures of the PER Act to certain hypothetical situations which might be presented to fact finders or arbitrators.

The ruling at issue was a response to ISEA's petition for declaratory ruling under Iowa Code section 17A.9 and 660 Iowa Admin.Code 10.1–.6. As part of its responsibility to administer the PER Act, PERB maintains lists of qualified persons to serve as mediators, fact finders, and arbitrators under the impasse procedures for public employee bargaining contained in Iowa Code sections 20.19–.22. *See* Iowa Code §§ 20.6(3), 20.21. It also is empowered to adopt rules governing those impasse procedures. PERB's rules for impasse procedures are contained in 660 Iowa Admin. Code 7.1–7.5. The general area of inquiry raised by ISEA's petition for declaratory ruling was whether a fact finder appointed by PERB pursuant to Iowa Code section 20.21 may recommend that no provision be included in the collective bargaining agreement on a subject of mandatory bargaining with respect to which both parties have presented an opinion at the fact-finding hearing. The petition for declaratory ruling also sought to determine how an arbitrator should respond to an issue of mandatory bargaining absent any recommendations by a fact finder with respect thereto.

The hypothetical factual situation upon which ISEA's petition for declaratory ruling is based assumes its own existence as an organization representing approximately 33,000 public school teachers and 300 local bargaining associations. It further assumes a situation in which a school district has developed and placed in force clearly defined and ascertainable personnel policies with respect to all areas of mandatory bargaining under Iowa Code section 20.9, *i.e.*, wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training, dues checkoff procedures, and grievance procedures.

In the hypothetical question posed, both the school district and ISEA, as the recognized bargaining agent of the local bargaining unit, exchange proposals concerning each of these personnel policies. Negotiations produce no agreement on any of these policies. Mediation of the issues also fails to produce agreement. During the fact-finding hearing which follows, the school district maintains that it has in place a workable personnel policy covering each of the matters being negotiated, that the terms of such policies compare favorably with contractual provisions in surrounding school districts, and that the fact finder should (a) make no recommendation for a contractual provision on any of these subjects, or (b) recommend that the existing policies of the school district with respect to each of said subjects be incorporated in the contract. As bargaining agent for the public employees, ISEA presented specific

contractual proposals at the fact-finding hearing as to each of the areas of mandatory bargaining.

Based upon the stated hypothetical facts, ISEA sought from PERB a declaratory ruling as to:

1. Whether the fact finder may recommend that there not be a contract provision on the unresolved mandatory bargaining subjects notwithstanding the fact that both parties had a stated position with respect thereto, and

2. Whether an arbitrator appointed to conduct the final stage of the impasse procedure under Iowa Code section 20.22 may adopt the position of the fact finder so as to deny the parties a collective bargaining agreement on an unresolved subject of mandatory bargaining under the PER Act.

In response to ISEA's petition, PERB made the following declaratory ruling:

We would assume that such a situation would not arise very often. A fact-finder's determination that he or she will not adopt either proposal nor fashion some other one does constitute a recommendation, although it obviously reduces the choices that arbitrators may choose from in making their decision. However, to find that a fact-finder could not make that determination would negate, by agency declaration, the broad discretion afforded fact-finders by the legislature in the exercise of their role in the impasse procedure.

In addition to the foregoing declaration concerning the fact-finding stage of the impasse procedure, the declaratory ruling further indicated that, if the fact finder recommends against any provision in the contract on a particular subject of mandatory bargaining, the arbitrator, in the final stage of the impasse, may adopt a similar position thus potentially leaving unresolved a mandatory subject of bargaining.

ISEA petitioned the district court for judicial review of PERB's ruling. That court concluded that the PERB declaratory ruling was a proper interpretation of the applicable provisions of the PER Act. ISEA challenges that decision on this appeal, contending that the impasse procedures outlined in section 20.19.–.22 of the PER Act are designed to assure that some contractual provision will result with respect to each subject of mandatory bargaining designated by either party to be included in the negotiations.

### I. *Scope of Review.*

Our scope of review in matters relating to declaratory rulings of PERB was considered in *West Des Moines Education Association v. Public Employment Relations Board,* 266 N.W.2d 118, 124–25 (Iowa 1978). We there expressed our belief that in reviewing declaratory rulings in which PERB is responding to specific questions which call for statutory interpretation, "[t]his court must make an independent determination here of the meaning of the [applicable statutory provisions]. We may give weight to the agency's interpretation if that interpretation does not make law or change the legal meaning of the statute." *Id.* Just as was true in *West Des Moines Education Association,* our review in the present case falls under subparagraphs (a) and (c) of Iowa Code section 17A.19(8).

### II. *Extent of Fact Finder's Duty to Narrow Disputed Areas in the Bargaining Process.*

The appellant, ISEA, contends that the declaratory ruling of PERB permits a fact finder to frustrate the intent of the impasse procedures of the PER Act by failing to exercise the function which the statutory impasse procedure demands of a fact finder. In this regard it urges that, where the parties to negotiation have established the areas of disagreement, mediation has failed, and the dispute has proceeded to fact-finding under section 20.21, the sole function of the fact finder is to foster resolution of the dispute by providing a principled recommendation for a particular result.

Appellant, ISEA, contends it was the intent of the legislature that the fact finder promote resolution of the dispute by edu-

cating the parties as to the views of a neutral third party, and by providing a useful alternative to choosing between the final offers of the respective parties should the matter proceed to compulsory arbitration. Absent a principled recommendation of a fact finder, ISEA urges, the parties are denied an important component of the statutory machinery. It therefore urges us to hold that a fact finder is required by section 20.21 to provide some recommendation as to what the collective bargaining contract should contain with respect to each issue of mandatory bargaining which has been submitted to fact-finding.

In response to these contentions, PERB urges that ISEA improperly seeks to limit the broad discretion which the PER Act accords to the fact finder. It contends that such discretion includes the right to recommend that nothing be contained in the collective bargaining agreement on a particular subject of bargaining, even if the subject is a mandatory topic under section 20.9.

Before considering the arguments of the parties, we note that the declaratory ruling issued by PERB extends considerably beyond that which would be required by the hypothetical facts upon which it is supposedly based. The hypothetical facts indicate with respect to each of the mandatory topics of collective bargaining that the school district had a clearly defined and ascertainable personnel policy in force. Given that circumstance, a recommendation by a fact finder that nothing be placed in the collective bargaining agreement on the subject of such policies conveys the message that the fact finder is opting in favor of the clearly ascertainable status quo. On the given hypothetical facts, such a recommendation could well be interpreted as adopting the position of the school district on each of the areas of dispute. We believe it likely that such a response by the fact finder would be interpreted in this manner by an arbitrator if the matter proceeded to the final stage of the statutory impasse procedures.

■ If the ruling of PERB were simply declaring that on the given facts a status quo recommendation would fulfill the duties and responsibilities which befall a fact finder under section 20.21, we would have no problem in upholding that ruling. The ascertainable status quo would adequately define the scope of the recommendation. It is clear, however, that PERB's declaratory ruling in the present case goes well beyond the hypothetical facts. This is manifest from the context in which the ruling is made.

The ruling makes a direct response to specific questions propounded by ISEA which assume an end result in which the collective bargaining process has run its full statutory course and no contractual provision has been recommended by the fact finder or settled by the arbitrator with respect to one or more subjects of mandatory bargaining under section 20.9. Of even more significance is the fact that the questions propounded inquire as to whether a fact finder may affirmatively recommend that no provision be included in the final agreement concerning a subject of mandatory bargaining. It is within this context that the challenged declaratory ruling purports to approve a recommendation by a fact finder favoring such a result. Any lingering doubt as to the intent of the declaratory ruling is dispelled by the position urged by PERB counsel on this appeal.

Viewing PERB's declaratory ruling in this light, we believe that it clearly misinforms public employers, public employees, and fact finders appointed under section 20.21 as to the functions of a fact finder under the impasse procedures of the PER Act. While we agree with PERB's conclusion that fact finders appointed under section 20.21 should be accorded a broad discretion with respect to recommended dispositions in public employee bargaining disputes, we believe its effort to uphold the challenged ruling confuses discretion to recommend *some* solution with discretion to recommend that there be *no* solution.

In *West Des Moines Education Association*, 266 N.W.2d at 127, we recognized that

> [s]ections 20.21 and 20.22(11) ... provide indications the legislature intended to achieve the objectives of final offer arbitration through establishment of a system of subject category final offers. Section 20.21 provides for a fact-finder who is to make recommendations for resolution of the impasse reached between the public employer and public employee organization. Section 20.22(11) makes clear the arbitrator may choose only one of three positions, that of either party or that of the fact-finder.

This view of the fact finder's role is consistent with the language of section 20.21 which provides, "[t]he fact-finder shall make written findings of facts and recommendations for resolution of the dispute...." In *West Des Moines Education Association*, 266 N.W.2d at 127, we indicated that such recommendations are to be made with respect to all topics of mandatory bargaining on a "subject category" basis. That is the position espoused by PERB's own rules. It is provided in 660 Iowa Admin.Code 7.4(6):

> Within fifteen days of appointment, the fact-finder shall issue to the parties a "Report of Fact-Finder" consisting of specific findings of fact concerning each impasse item, *and separate therefrom, specific recommendations for resolution of each impasse item.*

(Emphasis added.)

■ We conclude that the declaratory ruling of PERB improperly accords to a fact finder appointed under section 20.21 a discretion to recommend that the collective bargaining agreement between the public employer and the public employee fail to provide for a subject of mandatory bargaining under section 20.9, even though the parties have presented positions to the fact finder on that subject. Such a recommendation runs counter to the purposes of mandatory public employee bargaining which the PER Act establishes. A party who has proposed bargaining on a topic of mandatory bargaining triggers an obligation on the part of the other party to bargain in good faith on that subject. Iowa Code § 20.10(1). Failing agreement, the impasse procedures contained in sections 20.19–.22 are designed to assure the fruition, by operation of law, of a contractual provision on all areas of mandatory bargaining which remain in dispute. Iowa Code § 20.22(12).

■ To the extent the decision of the district court or the ruling of PERB permit a fact finder to recommend that a party to the impasse be denied this right, they are modified to conform with the views expressed in this opinion and otherwise affirmed. In so holding, we do not intend to indicate that a fact finder cannot provide in the fact-finding report that the fact finder is unable, on the record presented, to choose between the positions of the parties or to recommend a better solution than that proposed by either of the parties. Such a report by a fact finder is quite different from a recommendation that no disposition of the disputed issue be made in the final collective bargaining agreement. Such a report by a fact finder would serve to reduce the choices available to the arbitrator, should the matter proceed to that stage of the impasse process, but would not otherwise impede the impasse process.

III. *Obligation of an Arbitrator to Produce a Contract Provision on Each Subject of Mandatory Bargaining Submitted to Arbitration.*

We next consider appellant's challenge to that portion of PERB's declaratory ruling which suggests that an arbitrator in the final stage of the impasse procedure need not in all instances resolve an impasse item in a manner which produces a collective bargaining agreement on that item. We have indicated earlier in this opinion our belief that, commencing with the obligation to bargain on all mandatory topics contained in section 20.10(1) and ending with the collective bargaining agreement which is produced by operation of law under section 20.22(12), it was the intention of the

legislature that the PER Act establish the means of assuring fruition of a collective bargaining agreement establishing the rights and obligations of the parties on all topics of mandatory bargaining contained in section 20.9.

It is possible that PERB's suggestion that the arbitration process need not always produce a contractual provision on each impasse item submitted is in part a matter of semantics. Examples given by PERB counsel in their written argument to this court refer to disputes over health or dental insurance where no provision is made in the agreement for the employer to provide such insurance. Obviously, in the example posed, if employer-financed medical insurance is an impasse item and a denial of employer-financed medical insurance is one of the options available to the arbitrator under section 20.22(3), the inclusion of no provision in the agreement for employer-financed medical insurance is the equivalent of an express determination by the arbitrator that such insurance need not be provided by the employer.

■ Because the collective bargaining agreement arises by operation of law under section 20.22(12), it is only necessary in the operation of the final stage of the impasse process that all impasse issues are resolved in a manner which clearly reveals what that agreement is. It is not permissible, however, for an arbitrator's decision to leave a submitted topic of mandatory bargaining unsettled. To the extent the decision of the district court or the declaratory ruling of PERB are inconsistent with our opinion in this respect, they are modified and otherwise affirmed. All costs on appeal are assessed to appellee.

AFFIRMED AS MODIFIED.