Harold D. **STURTZ**, Appellee,

v.

**IOWA DEPARTMENT OF REVENUE**, Appellant.

No. 84–1890.

Supreme Court of Iowa.

Aug. 21, 1985.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Thomas M. Donahue, Asst. Atty. Gen., for appellant.

John W. Holmes of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal presents a question of the applicability of the Iowa sales or the Iowa use tax under the facts of the case. *See* Iowa Code chs. 422, div. IV, 423 (1981).

Pittsville Homes, Inc., manufactures modular homes in Wisconsin. The homes are built in halves lengthwise. When the halves are joined at the building site the

home can be twenty-four, twenty-six, or twenty-eight feet wide, depending on the widths of the halves. The halves are finished at the factory with wiring, plumbing, wall paneling, and cabinets. They are then jacked up and Pittsville's truck-transporters are backed under the halves for delivery to the site. At the site a crane lifts off each half and lowers it onto a prepared foundation, the roofs are joined, and the floor joists are bolted together.

Pittsville entered into a contract with Harold D. Sturtz of Waterloo, Iowa, appointing him wholesale distributor. Under the agreement, Sturtz sold modular homes to customers in the Waterloo area on a detailed order form which contained the specifications. The price between Sturtz and his customer was determined by those two; the price Pittsville charged Sturtz was determined by Pittsville. Under the arrangement Pittsville sold the modular structures to Sturtz, and Sturtz sold them to his customers giving them bills of sale. Each order form going to Pittsville contained information about the ultimate customer including his method of financing, and each order was subject to approval by Pittsville before construction began. Sturtz arranged for the crane at the site to lift the homes off Pittsville's trucks. About once annually Sturtz bought a home from Pittsville, called a "spec" home, and placed it on a lot of his own, evidently for demonstration.

Pittsville did not collect Iowa sales tax on any of its sales of homes to Sturtz, nor did Sturtz pay Iowa use tax in connection with the homes. The question presented is whether the Pittsville-Sturtz transactions are subject to Iowa sales tax or to Iowa use tax.

The department audited Sturtz's books, and assessed him Iowa use tax on the homes. Sturtz protested. After hearing, a department hearing officer entered a proposed order that Iowa sales tax is applicable to Pittsville's sales to Sturtz and Iowa use tax is not applicable. On review the department director found that Sturtz is a contractor, and held that Iowa use tax

is applicable and Iowa sales tax is inapplicable. On judicial review the district court held with the hearing officer. The department appealed to this court, and Sturtz cross-appealed. The controlling facts are not in dispute; the appeal involves interpretation of the sales and use tax statutes. We give weight to the department's interpretation of revenue statutes, but this court is the final arbiter of their meaning. *Iowa State Education Ass'n v. PERB*, 369 N.W.2d 793 (Iowa 1985).

I. The sales and use tax statutes are found in chapter 422, division IV, and chapter 423 respectively of the Iowa Code (1981). As to the sales tax, section 422.43 provides in pertinent part in its first paragraph:

There is hereby imposed a tax of three percent upon the gross receipts from all sales of tangible personal property, consisting of goods, wares, or merchandise, except as otherwise provided in this division, sold at retail in the state to consumers or users....

Subsections (2), (3), and (5) of section 422.-42 provide in pertinent part:

2. *"Sales"* means any transfer, exchange, or barter, conditional or otherwise, in any manner or by any means whatsoever, for a consideration.

3. *"Retail sale"* or *"sale at retail"* means the sale to any consumer or to any person for any purpose, other than for processing or for resale of tangible personal property....

. . . .

5. *Retailer* includes every person, engaged in the business of selling tangible goods, wares, merchandise or taxable services at retail....

Section 422.42(9) provides so far as pertinent:

Sales of building materials, supplies and equipment to owners, contractors, subcontractors or builders, for the erection of buildings or the alteration, repair or improvement of real property, are retail sales in whatever quantity sold....

As to the use tax, section 423.2 provides:

An excise tax is imposed on the use in this state of tangible personal property purchased for use in this state, at the rate of three percent of the purchase price of the property. The excise tax is imposed upon every person using the property within this state until the tax has been paid directly to the county treasurer or the state department of transportation, to a retailer, or to the department as hereinafter provided. An excise tax is imposed on the use in this state of services enumerated in section 422.43 at the rate of three percent. This tax is applicable where services are rendered, furnished, or performed in this state or where the product or result of the service is used in this state. This tax is imposed on every person using the services or the product of the services in this state until the user has paid the tax either to an Iowa use tax permit holder or has paid the tax to the department of revenue.

Section 423.1(1) provides in pertinent part:

1. *"Use"* means and includes the exercise by any person of any right or power over tangible personal property incident to the ownership of that property, except that it shall not include processing, or the sale of that property in the regular course of business....

Section 423.4(1) provides so far as pertinent:

The use in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this chapter:

1. Tangible personal property, the gross receipts from the sale of which are required to be included in the measure of the tax imposed by division IV of chapter 422, and any amendments made or which may hereafter be made thereto.

This court explained the interplay between the sales and use tax statutes as follows in *Dain Manufacturing Co. v. Iowa State Tax Comm'n*, 237 Iowa 531, 534, 22 N.W.2d 786, 788 (1946):

The purpose of the use-tax law is indirectly to tax sales that cannot be directly taxed under the Iowa sales-tax law. Since sales of property designed for use in Iowa cannot be taxed if consummated outside the state, our legislature has resorted to the plan (not uncommon in recent years) of taxing the use of such property in the state. The tax is on the use but it presupposes a prior sale. The tax serves the double purpose of producing revenue that otherwise might not be available, and of furnishing some measure of protection to Iowa dealers from competition with outside vendors not subject to liability for sales tax. See discussion in *Henneford v. Silas Mason Co.*, 300 U.S. 577, 581, 57 S.Ct. 524, 526, 81 L.Ed. 814, quoted in *Zoller Brewing Co. v. State Tax Commission*, 232 Iowa 1104, 1106, 5 N.W.2d 643, and Id., Iowa, 6 N.W.2d 843. The law is at the same time apparently drawn with the purpose of avoiding double taxation. See Code, sections 6943.104 (subsections 1 and 4) and 6943.125....

■ Under section 423.4(1) and the *Dain* rationale, we initially look to whether the transaction is taxed under the sales tax statute—section 423.4(1) provides that use of tangible personalty in this state is exempt from use tax if it is subject to the sales tax, it does not provide that sales in this state are exempt from the sales tax if they are subject to the use tax. If a sale is subject to the sales tax, that tax applies and the use tax is inapplicable, and this is so whether or not sales tax was paid. *Herman M. Brown v. Johnson*, 248 Iowa 1143, 82 N.W.2d 134 (1937). We have reexamined the *Herman M. Brown* decision and remain satisfied with it. We do not think the failure to pay a sales tax when due gives rise to an obligation to pay a use tax. Rather, the question is, which tax is due under the statutes?

The first task in this case, therefore, is to determine whether the sales tax applies. This task necessitates the solution of two interrelated problems: whether the Pittsville-Sturtz transactions come within the scope of the sales tax statute and, if so, whether

the taxable event which triggers a sales tax occurred in this state.

**■ A.** Does the sales tax statute apply to sales by Pittsville to Sturtz? Pittsville sold the homes to Sturtz for resale by him to his customers. Normally a sale of personal property for resale is not subject to sales tax; the sales tax is imposed on the resale. §§ 422.43(1), 422.42(3). In the present context that would mean the ultimate customer would pay Sturtz a sales tax on a home, and Sturtz would remit that tax to the department.

A special rule, however, applies to sales of building materials to "contractors"—which the director, on substantial evidence, found that Sturtz was. § 422.42(9). Unless a contractor who buys building materials holds a sales tax permit, takes the materials into his inventory, and subsequently sells them and collects sales tax, the seller of the materials to the contractor collects the sales tax on that sale to the contractor. The reason for this rule is that contractors turn building materials into real estate, and problems may arise as to whether the ultimate customer would be liable for sales tax. See explanation in I.A.C. 730–19.2, 730–19.3. Since the director found that Sturtz is a contractor, since the inventory exception is not involved, and since the Pittsville-Sturtz sales come within the language and purpose of section 422.42(9), sales by Pittsville to Sturtz are subject to sales tax, and sales by Sturtz to his customers are not subject to that tax. Indeed the department does not argue that the Sturtz-customer sales are subject to sales tax.

**■ B.** Did a taxable event occur in Iowa? For sales and use tax purposes, the question is: where was the sale consummated by delivery? *Dodgen Industries, Inc. v. Iowa State Tax Comm'n*, 160 N.W.2d 289 (1968). The contracts were actually performed as follows. Pittsville delivered modular homes on its trucks, with its personnel, to sites in Iowa. At that point, the crane which Sturtz had at the site lifted the homes off Pittsville's trucks and lowered them onto the custom-

er's foundation. A sale by Pittsville to Sturtz was consummated when Pittsville delivered the homes on its trucks to the site. A sale by Sturtz to the customer was consummated when the crane he had at the site lifted the homes off Pittsville's trucks and placed them on the customer's foundation. Iowa Code § 554.2401(2)(b) ("Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes the seller's performance with reference to the physical delivery of the goods ... and in particular ... if the contract requires delivery at destination, title passes on tender there....."). The Wisconsin statute is virtually the same. Wis.Stat.Ann. § 402.401(2)(b) (West 1964) (uses "his" instead of "seller's").

In a reverse context—delivery in Iowa to a buyer from out-of-state—this court held that the delivery of tangible personal property in Iowa constituted the taxable event. *Dodgen*, 160 N.W.2d 289. We are unable to perceive a meaningful distinction between delivery in Iowa to a buyer from out-of-state and delivery in Iowa to a buyer from Iowa. In either case the delivery in Iowa constitutes the taxable event which, under sections 422.43 and 422.42(9), triggers the Iowa sales tax.

We conclude that Pittsville's sales to Sturtz were subject to Iowa sales tax, both as to the regular homes and the spec homes. Hence the Iowa use tax did not apply. § 423.4(1).

The conclusion just reached obviates the necessity of deciding whether Sturtz's transferring the homes from Pittsville's trucks to the customers' foundations constituted "use" of the homes by Sturtz within the scope of section 423.1(1).

**■ II.** Sturtz asks attorney fees under the statute which is now sections 625.28 and .29 of the Iowa Code of 1985. This statute, however, applies only to legal and administrative proceedings initiated after July 1, 1983. 1983 Iowa Acts ch. 107, § 3. The present administrative proceedings were initiated on June 4, 1982, and the statute is therefore inapplicable.

The district court's legal analysis of the sales tax-use tax question and of the attorney fee question was the same as our own, and we approve it.

AFFIRMED ON BOTH APPEALS.