ATLANTIC BOTTLING COMPANY, An Iowa Corporation, Appellee,

v.

IOWA DEPARTMENT OF REVENUE, Appellant.

No. 85–899.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellant.

Ronald W. Feilmeyer, of Cambridge, Feilmeyer, Landsness & Chase, Atlantic, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE and LAVORATO, JJ.

WOLLE, Justice.

This judicial review proceeding concerns a use tax assessment and penalty imposed by the Iowa Department of Revenue (department) upon protestor Atlantic Bottling Company (Atlantic Bottling) for taxes unpaid during a four-year period. The final agency decision of the department upheld the assessment in its entirety. The district court on judicial review overturned a major part of the assessment, and the department appeals. We reverse, thereby reinstating the final agency decision which upheld the entire assessment.

Atlantic Bottling, located in Atlantic, Iowa, is in the business of bottling and selling soft drinks for distribution throughout central and southern Iowa. It ships the soft drinks to retailers in glass, plastic, and metal containers. All bottles and cans are returnable to Atlantic Bottling as required by the Iowa Beverage Containers Deposit Law enacted in 1978. 1978 Iowa Acts ch. 1162, now Iowa Code ch. 455C (1985). To facilitate return of the containers, Atlantic Bottling has provided its retailers and redemption centers with plastic bags which they could use in packaging the containers for shipment back to the bottling plant.

In February 1983 the department issued a notice of use tax assessment against Atlantic Bottling for the period from July 1, 1978, through September 30, 1982. Part of the assessment was imposed for unpaid use tax on the plastic bags used to transport the empty cans and bottles back to Atlantic Bottling. The assessment also included use tax on a bill which Atlantic Bottling paid for roof repairs performed by a contractor. A penalty was imposed because these use taxes had not been paid when due. The company refused to pay the assessment and filed a formal protest with the department on March 18, 1983. Following an evidentiary hearing the hearing officer upheld the department's entire assessment of overdue taxes and penalty. The proposed decision of the hearing officer was adopted as the final decision of the department.

On January 29, 1985, Atlantic Bottling filed a petition for judicial review in district court. The district court affirmed the use tax assessment for roof repair, and Atlantic Bottling has not appealed that ruling. The district court reversed the assessment for use of the plastic bags on two grounds: (1) that they were within the "processing" exemption of Iowa Code section 423.1(1); and (2) that they were exempt under Iowa Code sections 423.4(4) and 422.45(19), which except from use tax containers used in facilitating the transportation of tangible personal property sold at retail. The dis-

trict court also reversed the department's penalty assessment, holding that Atlantic Bottling had reasonable cause for failing to pay use tax.

The department appeals from the district court's judicial review decision. Our function, like that of the district court, is to correct errors of law in the final agency decision. *North Star Steel Co. v. Iowa Department of Revenue*, 380 N.W.2d 677, 679 (Iowa 1986); *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557, 559 (Iowa 1985).

## I. *The "Processing" Exemption.*

■ Iowa's use tax is an excise tax designed to supplement and protect sales tax. *North Star Steel Co.*, 380 N.W.2d at 680; *Northern Natural Gas Co. v. Lauterbach*, 251 Iowa 885, 887, 100 N.W.2d 908, 909 (1960). The tax is imposed on a person's use of tangible personal property in Iowa under Iowa Code section 423.2, with "use" defined in section 423.1(1) (1985). (Citations are to the 1985 Iowa Code because there have been no amendments to the cited statutes which affect this case.) That statutory definition, however, excepts property used in "processing." Section 423.1(1) in pertinent part provides:

> *"Use"* means and includes the exercise by any person of any right or power over tangible personal property incident to the ownership of that property, except that it shall not include processing, or the sale of that property in the regular course of business. Property used in "processing" within the meaning of this subsection shall mean and include (a) any tangible personal property including containers which it is intended shall, by means of fabrication, compounding, manufacturing, or germination, become an integral part of other tangible personal property intended to be sold ultimately at retail. . . .

Statutory exceptions are construed strictly against the taxpayer *North Star Steel Co.*, 380 N.W.2d at 680; *Iowa Auto Dealers Association v. Iowa Department of Revenue*, 301 N.W.2d 760, 762 (Iowa 1981).

Consequently, Atlantic Bottling had the burden of proving that its use of plastic bags for container return fell within the "processing" exemption of section 423.1(1). *See Southern Sioux County Rural Water System, Inc. v. Iowa Department of Revenue*, 383 N.W.2d 585, 587 (Iowa 1986); *Kartridg Pak Co.*, 362 N.W.2d at 561.

Atlantic Bottling relies heavily on our decision in *Zoller Brewing Co. v. State Tax Commission*, 232 Iowa 1104, 5 N.W.2d 643 (1942). In that case our court held that the cartons, kegs and bottles used to transport beer brewed by Zoller Brewing were exempt from tax under the statutory predecessor to Iowa Code section 423.1(1). *Id.* at 1108–09, 5 N.W.2d at 645. We found that the bottles, cartons and bags were an integral part of other tangible personal property—the beer itself which Zoller Brewing intended to sell at retail. *Id.* Our court reasoned:

> Without a container there would be no means for the sale or disposition of a liquid. A container necessarily becomes "an integral part" of the manufactured beer "intended to be sold ultimately at retail." It is our judgment that when a purchase of a bottle of beer is made the "integral parts" of such "other personal property" are the bottle and the contents thereof. This is likewise true as to a keg of beer. In the case of the cartons the integral parts thereof are the cartons, the bottles, and the beer.

*Id.*

The use of the plastic bags in the instant case is categorically different than the use of beer containers in *Zoller Brewing.* In that case we emphasized that the containers were used to transport the manufactured product to the retailer. Without the containers there could be no sale at retail.

Atlantic Bottling's plastic bags serve an altogether different purpose. The bags are not needed or used to transport Atlantic Bottling's products to its retail customers. The bags simply are used to facilitate the return of empty bottles and cans to Atlantic Bottling. Although the return of those containers is required by Iowa Code

chapter 455, the presence of that legal requirement does not in and of itself create an exemption. *See Revco Discount Drug Centers, Inc. v. Lindley,* 6 Ohio St.3d 172, 176, 451 N.E.2d 1206, 1209 (1983) (fact that prescription label was required by law did not exempt typewriters used to type the labels); *United States Steel Corp. v. Bowers,* 170 Ohio St. 558, 563–64, 167 N.E.2d 87, 91 (1960) ("[T]he fact that [essentials to the operation of an industry] are required by law ... does not except their sale or use from tax unless it can also be found that they are used or consumed directly in the manufacturing or processing."). *Cf. Southern Sioux County Rural Water System, Inc.,* 383 N.W.2d at 587 (electricity used to transport water to and from treatment plant not within "processing" exemption).

The statutory exemption for processing only applies if the plastic bags "become an integral part of other tangible personal property intended to be sold ultimately at retail." § 423.1(1). The plastic bags, though important to the overall beverage distribution business of Atlantic Bottling, were not an integral part of the manufactured product sold at retail, carbonated beverages in containers.

## II. *The "Transportation" Exemption.*

■ The district court also found that the plastic bags were within the use tax exemption set forth in Iowa Code sections 423.4(4) and 422.45(19). Section 423.4(4) specifically exempts from tax the use of tangible personal property if the gross receipts from the sale of the property are "exempted from the retail sales tax by the terms of section 422.45." Iowa Code section 422.45(19) exempts from retail sales tax

[t]he gross receipts from the sale of property which is a container, label, carton, pallet, packing case, wrapping paper, twine, bag, bottle, shipping case or other similar article or receptacle sold to retailers or manufacturers for the purpose of packaging or facilitating the transporta-

tion of tangible personal property sold at retail.

Atlantic Bottling argues that this exemption applies to the plastic bags which it distributed to its retailers and redemption centers. The company charged a deposit in order to encourage return of container-filled bags by its customers.

Although section 422.45(19) defines as exempt only those items which are used for "the transportation of tangible personal property sold at retail," Atlantic Bottling argues that the exemption extends to the entire process surrounding the delivery of tangible property for retail sale. In essence, Atlantic Bottling argues that any item that is an "incident" to "packaging," "facilitating" or "transporting" the beverages sold at retail should be exempt from tax under sections 423.4(4) and 422.45(19). In reversing the final agency decision on this issue the district court adopted the company's theory:

If [Atlantic Bottling's] construction of the statute is followed and the court so finds that it should be, then it can be seen that the requirements of chapter 455C require that as an incident thereof [Atlantic Bottling] is required to retrieve the containers which is, of course, a cost of the product which is ultimately sold at retail. Section 422.45(19) makes no exception as suggested by the department, and it is clear that the bag itself is an "incident" to the sale itself. Thus the bags are also exempt under the provisions of section 422.45(19) of The Code.

We disagree with Atlantic Bottling's overbroad reading of the statutory transportation exemption. The statute's plain language requires more than a finding that an item is "incident" to the sale, or a "cost" of the product. In order to be exempt, an item must be purchased by a retailer "for the purpose of packaging or facilitating the transportation of tangible personal property sold at retail." Iowa Code § 422.45(19). We strictly construe exemption provisions in tax statutes, with doubts resolved against exemption and in favor of taxation. *North Star Steel Co.,* 380 N.W.2d at 680;

*Iowa Auto Dealers Association,* 301 N.W.2d at 762.

The department correctly construed this exemption statute in finding it inapplicable to these plastic bags used solely to facilitate the return of empty containers. The bags were not used to package or transport the product sold at retail, carbonated beverages. The district court erred in deciding that the plastic bags were exempt under Iowa Code sections 423.4(4) and 422.45(19).

### III. *Imposition of a Penalty.*

■ The department also contends the trial court erred in reversing its imposition of a penalty for Atlantic Bottling's failure to pay the use tax when it was due. Iowa Code section 423.18(1) (1983) provided for assessment of the penalty "unless it is shown that the failure was due to reasonable cause." [This provision has since been amended; the department no longer may waive the penalty. Iowa Code § 423.18(1) (1985)].

A taxpayer can establish "reasonable cause", as that term is used in tax penalty statutes, by establishing that it did all that ordinary business care and prudence would demand. *See Armstrong's, Inc. v. Iowa Department of Revenue,* 320 N.W.2d 623, 629 (Iowa 1982); 730 Iowa Admin.Code § 12.11(h) ("Where the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return or monthly deposit within the prescribed time, then the delay is due to reasonable cause.") What constitutes ordinary business care and prudence is a determination to be made on the facts of each particular case. *Armstrong's, Inc.,* 320 N.W.2d at 629. The burden was on the taxpayer, however, to establish reasonable cause by a preponderance of the evidence. 730 Iowa Admin.Code § 12.11(h); *Rubber Research, Inc. v. Commissioner of Internal Revenue,* 422 F.2d 1402, 1407 (8th Cir.1970); *Heman v. Commissioner of Internal Revenue,* 283 F.2d 227, 232 (8th Cir.1960); *Fleming v. United States,* 483 F.Supp. 284, 286 (E.D.Wis.1980). Because the agency found that Atlantic Bottling had not met its burden of proof, we will overturn the agency on that issue only if Atlantic Bottling established reasonable cause as a matter of law. *See Good's Furniture House, Inc., v. Iowa State Board of Tax Review,* 382 N.W.2d 145, 151 (Iowa 1986); *Heidemann v. Sweitzer,* 375 N.W.2d 665, 670 (Iowa 1985).

■ Does the record establish, as Atlantic Bottling contends, that its failure to pay was consistent with ordinary business care and prudence as a matter of law? The record is not that solid. On the roof repair Atlantic Bottling simply stated that it had relied on the contractor to make a determination whether use tax was due. The bill itself showed only the total amount due for repairs, suggesting that the contractor had paid no use tax. The state of the record on this issue was aptly described by the department in its final decision:

> The Protestor has failed to establish reasonable cause for the failures to pay consumer use tax on the plastic bags and the roof repair.... There was no showing that the Protestor employed a tax specialist as in the *Armstrong* case or that the Protestor as a business investigated or inquired into its tax obligations. In addition the Protestor did not question [the contractor] regarding the roof repair bill which had just one figure of $16,-736.50 and nothing indicated on the bill for any tax. The evidence did not establish that the Protestor was unable to pay the tax or would suffer an undue hardship if the tax was paid.

Receipt of public revenue is essential to state government, and penalties for failure to pay are reasonably calculated to promote prompt payment. 72 Am.Jur.2d *State and Local Taxation* § 856, at 156 (1974). "The object is not merely punishment of the taxpayer, but is in furtherance of public duty in the interest of the public welfare...." *Id.* at 156–57. Atlantic Bottling has not established as a matter of law that it had reasonable cause for failing to pay the use taxes when they came due.

We reverse the judicial review decision of the district court and affirm the depart-

ment's assessment of use taxes and the statutory penalty.

REVERSED.