**BRO OIL COMPANY, INC., a/k/a 4 Sons Handy Shops, Inc., Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE, Respondent–Appellee.**

No. 87–966.

Court of Appeals of Iowa.

Aug. 24, 1988.

William J. Pattinson, of Curtis, Finn & Pattinson, Ames, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and James D. Miller, Asst. Atty. Gen., for respondent-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ., but considered en banc.

HAYDEN, Presiding Judge.

This is an appeal by appellant from an order of the Polk County District Court affirming the final agency decision of the Iowa Department of Revenue. Appellant contends the district court erred in sustaining the department's assessment for late filing penalties involving motor fuel tax for the October, November, and December 1984 tax periods.

On May 6, 1985, appellant filed a protest with the department objecting to the assessment of the penalties. The matter proceeded to a contested case hearing. The hearing officer found appellant failed to prove it had reasonable cause to waive the late filing penalties as assessed. That proposed order was appealed to the Director of Revenue, who affirmed.

Appellant appealed the final agency action by filing its petition for judicial review in the Polk County District Court. The district court found sufficient evidence in the record to support the department's actions, thereby sustaining the final order of the agency. Appellant filed its appeal with this court. We affirm.

A brief summary of the facts is in order. Petitioner, Bro Oil Company (Bro Oil) owns a number of convenience stores in Iowa. A part of its business is the retail sales of gasoline and diesel fuel. As a retail distributor of gasoline, monthly fuel tax reports and accompanying tax payments are due and payable to the department not later than the last day of the next following month.

Prior to January 1983, the president of Bro Oil, Kent Bro, filed the fuel tax reports and made the necessary tax payments. In January of 1983 Kent Bro hired Timothy Wilkins, an accountant with a college degree, to handle the fuel tax reporting for Bro Oil. After training and supervising Wilkins for five months, Kent Bro delegated complete responsibility for filing fuel tax reports and paying fuel tax to Wilkins. Mail from the department was supposed to cross Kent Bro's desk before it got to Wilkins.

In 1983 and 1984, Bro became more involved in operating the company and less involved in the accounting process. He allowed Wilkins to change the company mail system and hire new office employees whom Wilkins trained. Through these changes in office systems and personnel, Wilkins was able to circumvent Kent Bros monitoring system and was able to conceal the fact that he failed to file fuel tax reports and pay fuel tax for the months of October, November, and December of 1984. The December 1984 tax was due January 31, 1985.

In February of 1985, Wilkins confessed his problems to Kent Bro. Wilkins' excuse for not timely filing the reports and paying the taxes was that he was under personal stress and pressure. As soon as Kent Bro learned of these circumstances, he reworked the tax reports from June of 1983 and paid what he believed to be the taxes due, but did not pay any of the penalty. Bro Oil's payment was applied by the Department of Revenue first to interest and penalty, leaving a balance due on the taxes. *See* Iowa Code § 422.25(4) (1987). The department assessed over $33,000 in late fil-

ing penalties. Tax and interest of more than $33,000 remains unpaid. The appellant challenges the penalty that was imposed by the department.

By authority of Iowa Code section 324.-65, as amended by 84 Iowa Acts, Chapter 1173 section 10, the department can waive the penalties for October and November 1984 if the taxpayer can prove its failure to file was due to reasonable cause. Reasonable cause, in the context of this case, is defined by 701 Iowa Admin.Code 212.11(h). It states:

> Where the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return or monthly deposit within the prescribed time, then the delay is due to reasonable cause. A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that ordinary business care and prudence was exercised in providing for payment of the taxpayer's liability and was nevertheless either unable to pay the tax or would suffer an undue hardship if the taxpayer paid on the due date. What constitutes ordinary business care and prudence must be determined by the particular facts of a particular case, *Armstrong's Inc. v. Iowa Department of Revenue*, 320 N.W. 2d 623 (Iowa 1982).

*Id.*

On appeals such as this, both the district court and this court exercise a limited scope of review. Fact findings of an agency are binding on the courts when they are supported by substantial evidence. Evidence is not insubstantial merely because it would have supported contrary inferences. It is substantial when a reasonable mind would accept it as adequate to reach the same findings. *Norland v. Iowa Department of Job Service*, 412 N.W.2d 904, 913 (Iowa 1987) (citations omitted). The findings of an agency are binding on appeal unless a contrary result is demanded as a matter of law. *Id.* at 908 (citations omitted).

We determine there is substantial evidence in the record to establish the employee, Wilkins, was not supervised by Bro Oil and he effectively circumvented Bro Oil's monitoring system.

The employee's reasons or grounds for failing to file the fuel tax reports in question or pay the tax are not reasonable causes for delay. The taxpayer, Bro Oil, has failed to establish it exercised all that ordinary business care and prudence would demand.

Here the employee, Wilkins, knew he failed to file the required fuel tax reports and failed to pay the fuel tax due. He did not notify his employer of this omission until it was too late. The employer, Bro Oil, failed to catch this employee's omission or failure to file the reports timely or send in the tax due. The taxpayer has failed to show it did all that ordinary business care and prudence would demand and has not established "reasonable cause," as that term is used in tax penalty statutes. *See Atlantic Bottling Co. v. Iowa Dept. of Rev.*, 385 N.W.2d 565, 569 (Iowa 1986).

What constitutes ordinary business care and prudence is a determination to be made on the facts of each particular case. The burden was on the taxpayer, however, to establish reasonable cause by a preponderance of the evidence. *Id.* Because the agency found Bro Oil had not met its burden of proof, we will overturn the agency on that issue only if Bro Oil established reasonable cause as a matter of law. *See id.* (citations omitted). Bro Oil's failure here was an "in house" problem and omission. Bro Oil has failed to establish as a matter of law that it had reasonable cause for failing to file the tax reports and pay the tax when due.

AFFIRMED.

All Judges concur except SACKETT and DONIELSON, JJ., dissent.

SACKETT, Judge (dissenting).

I respectfully dissent. I find insufficient evidence to support the agency's decision.

DONIELSON, J., joins this dissent.